**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**RAYMOND ST. CYRIL WILSON,**

     **Petitioner,**

**vs.**                                             **Case Number 4:07cv144-SPM/WCS**

**ALBERTO GONZALES, et al.,**

     **Respondents.**

_____/


**REPORT AND RECOMMENDATION**

     This case was initiated on April 2, 2007, doc. 1, when Petitioner, proceeding *pro se*, submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner did not pay the filing fee at the time of case initiation, not did he submit a motion seeking leave to proceed *in forma pauperis*.  Nevertheless, the petition has been reviewed enough to determine that this action should be transferred.

     Petitioner is not within the jurisdiction of this Court as he states he is being held in Uniontown, Alabama.  Doc. 1.  None of the Respondents are within this jurisdiction either as all but one appears to be in Washington, D.C.[1]

_____

    [1] Familiarity with these increasingly common § 2241 immigration cases provides knowledge that Michael Rozos is the Field Office Director for Detention and Removal in the Miami District Office for the United States Immigration and Customs Enforcement.

Generally, the only proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[2]  Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Padilla did not alter the well-settled rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  Jurisdiction attaches upon the initial filing of the § 2241 petition.  See e.g., Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005), quoting in Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Because when this petition was filed on April 2nd, Petitioner was not incarcerated within this District, and because none of the named Respondents are within the territorial jurisdiction of this Court, this § 2241 petition should be transferred to Alabama.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue sua sponte and may transfer a case to the

---

Doc. 1.  That Respondent is within the territorial jurisdiction of the Southern District of Florida, but still not within this Court's territorial jurisdiction.

[2] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

appropriate forum pursuant to 28 U.S.C. § 1404(a).  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).  This case should be transferred rather than dismissed.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), and pursuant to 28 U.S.C. § 81, the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Southern District of Alabama, Northern Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 6, 2007.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**